## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

LINDA WHITE, ADMINISTRATRIX
ON BEHALF OF THE ESTATE OF
FELECHIA DIANE COLLINS, DECEASED; and
GLORIA COLLINS, INDIVIDUALLY; and
GREGORY COLLINS, IDIVIDUALLY                                    **PLAINTIFFS**

v.                                        CAUSE NO. 20-656

CHADWICK NURSING AND REHABILITATION CENTER, LLC; and
JOHN DOES 1-10; and
JANE DOES 1-10; and
ABC CORPORATIONS 1-10                                           **DEFENDANTS**

## SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF HINDS

TO: UNITED CORPORATE SERVICES INC, on behalf of: CHADWICK NURSING AND REHABILITATION CENTER, LLC, who may be served at the following address: 248 E. Capitol Street, Suite 840, Jackson, MS 39201

### NOTICE TO DEFENDANT

**THE COMPLAINT OR PETITION, WHICH IS ATTACHED TO THIS SUMMONS, IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint or Petition to Derek L. Hall, PC, the attorneys for the Plaintiff, whose address is 1911 Dunbarton Drive, Jackson, Mississippi 39216. Your Answer must be mailed or delivered within **thirty (30) days** from the date of delivery of this Summons and Complaint or Petition, or a judgment by default will be entered against you for the money or other things demanded in the Complaint or Petition. You must also file the original of your Answer to the Complaint or Petition with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 19 day of Oct 2020.

Megan E. Timbs (MSB# 105331)
DEREK L. HALL, PC
1911 Dunbarton Drive
Jackson, MS 39216
*Attorney for Plaintiff*

ZACK WALLACE
HINDS COUNTY CIRCUIT CLERK

_____, D.C.
ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, FIRST DISTRICT
P. O. BOX 327
JACKSON, MS 39205

**EXHIBIT A**

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

LINDA WHITE, ADMINISTRATRIX
ON BEHALF OF THE ESTATE OF
FELECHIA DIANE COLLINS, DECEASED; and
GLORIA COLLINS, INDIVIDUALLY; and
GREGORY COLLINS, IDIVIDUALLY                              **PLAINTIFFS**

v.                                                  CAUSE NO. **20-656**

CHADWICK NURSING AND REHABILITATION CENTER, LLC; and
JOHN DOES 1-10; and
JANE DOES 1-10; and
ABC CORPORATIONS 1-10                                      **DEFENDANTS**

## COMPLAINT
## (JURY TRIAL DEMANDED)

**COMES NOW,** the Plaintiffs, Linda White, Administratrix on behalf of the Estate of Felechia Diane Collins, deceased, Gloria Collins, Individually and on behalf of the Estate of Felechia Diane Collins, and Gregory Collins, Individually and on behalf of the Estate of Felechia Diane Collins, pursuant to Section 91-7-233 of the MS Code Annotated and Section 11-7-13 of the MS Code Annotated, by and through counsel, and files this, his *Complaint*, against the Defendant, and in support thereof, would show the following:

### PARTIES

1. The Plaintiff, Linda White (sometimes hereinafter referred to as "Plaintiff" or "Ms. White"), has filed to be appointed as Administratrix for the Estate of Felechia Collins, in which the two known heirs and children of Felechia Diane Collins, Gloria Collins and Gregory Collins, have joined. Ms. White is the sister of the decedent, Felechia Diane Collins (sometimes hereinafter referred to as "Ms. Collins," "deceased," or "descendant"), who died of natural causes on or about the October 10, 2018. Ms. White is now bringing this action on behalf of the Estate of Felechia

Diane Collins and Ms. Collins' heirs pursuant to Section 91-7-233 of the MS Code Annotated, as a survival action on her behalf, and pursuant to Section 11-7-13 of the MS Code Annotated.

2. The Plaintiff, Gloria Collins (sometimes hereinafter referred to as "Plaintiff"), is the daughter of the decedent, Felechia Diane Collins (sometimes hereinafter referred to as "Ms. Collins," "deceased," or "descendant"), who died of natural causes on or about the October 10, 2018. Ms. Gloria Collins is now bringing this action on behalf of the Estate of Felechia Diane Collins and Ms. Collins' heirs pursuant to Section 91-7-233 of the MS Code Annotated, as a survival action on her behalf, and pursuant to Section 11-7-13 of the MS Code Annotated. Ms. Gloria Collins is also filing individually to preserve her direct interests as it relates to the allegations within this *Complaint*.

3. The Plaintiff, Gregory Collins (sometimes hereinafter referred to as "Plaintiff"), is the son of the decedent, Felechia Diane Collins (sometimes hereinafter referred to as "Ms. Collins," "deceased," or "descendant"), who died of natural causes on or about the October 10, 2018. Mr. Gregory Collins is now bringing this action on behalf of the Estate of Felechia Diane Collins and Ms. Collins' heirs pursuant to Section 91-7-233 of the MS Code Annotated, as a survival action on her behalf, and pursuant to Section 11-7-13 of the MS Code Annotated. Mr. Gregory Collins is also filing individually to preserve his direct interests as it relates to the allegations within this *Complaint*.

4. Defendant, Chadwick Nursing and Rehabilitation Center, LLC (hereinafter referred to as "Defendant" or "Chadwick"), is a limited liability company doing business in the State of Mississippi whose agent for service of process is United Corporate Services, Inc., which may be served at the following address: 248 E. Capitol Street, Suite 840, Jackson, MS 39201. The principal office address for Chadwick is 1900 Chadwick Drive, Jackson, MS 39204.

## JURISDICTION AND VENUE

5. Jurisdiction is proper via Mississippi Code Annotated Section 11-11-3(1)(a)(i), as a substantial act and/or omission occurred within the First Judicial District of Hinds County, Mississippi, which caused the injuries complained of herein to Ms. Felechia Collins and all resulting damages. This Court has subject matter jurisdiction over this action in that the *Complaint* seeks monetary damages above the statutory minimum against the Defendants.

6. Venue is proper in this Court in that a substantial act and/or omission occurred within the First Judicial District of Hinds County, Mississippi, which caused the injuries complained of herein to Mrs. Priester and all resulting damages.

## FACTS

7. On August 24, 2018, Ms. Felechia Collins was admitted as a patient at Chadwick Nursing and Rehabilitation Center, LLC, which is located in the First Judicial District of Hinds County, Mississippi.

8. Ms. Felechia Collins was admitted to Chadwick after a bilateral amputation performed at Mississippi Baptist Medical Center and was expected to begin rehabilitation and recovery from the surgery while a patient at Chadwick.

9. The legal basis for this claim is the severely negligent series of actions and omissions on the part of Chadwick and its employees. On or about August 28, 2018, Chadwick and its employees committed acts and/or omissions that fell below the standard of care required to treat Ms. Felechia Collins as a patient of the facility. The substandard care directly and proximately caused Ms. Felechia Collins to sustain injuries to her person which directly caused her wrongful death and conscious pain and suffering.

10. More specifically, on August 28, 2018, Ms. Collins, a high-risk fall patient and recent recipient of a bilateral amputation, was performing therapy in her room with a therapist while sitting in her wheelchair.

11. Based upon information and belief, the therapist left Ms. Collins unsupervised, unattended and failed to provide the appropriate standard of care to Ms. Collins, which resulted in Ms. Collins falling out of her wheelchair and onto the floor.

12. The internal records for Chadwick state the following:

> At approximately 11:30AM Nurse was called to residents room by therapist that was in room working with patient. He stated that as he was working with the resident she just leaned forward and fell out of her chair. He stated that they were not doing any therapy that would have her fall in any manner. He also stated she did not loose conscience at any time. Upon entering the room the resident was face down in front of her W/C. Blood was noted at her head and at her legs. Upon further inspection it was noted that she was bleeding from her mouth where it appeared she had busted her lip and possibly bit her tongue. Also, there appeared to be bleeding from her incision on her LT amputated leg. AMR was called and also Dr. McNair and the residents RP was notified. Resident was transferred to Baptist Hospital.

13. Upon her transfer to Baptist on August 28, 2018, Ms. Felechia Collins could not recover from her injuries and departed this life on October 3, 2018.

14. The injuries sustained in her fall directly caused her wrongful death.

15. The nature of the injuries suffered by Ms. Felechia Collins were directly and proximately caused by Chadwick and the actions of its employees.

16. Ms. Felechia Collins is now deceased and left surviving her direct heirs whom wish to pursue Ms. Felechia Collins claim for injuries against Chadwick and its staff, along with a claim for Ms. Felechia Collins' wrongful death.

17. At this time, Ms. Felechia Collins' heirs and Estate, by and through counsel, now assert all claims applicable under the laws of the State of Mississippi against Chadwick and any unknown persons and/or entities who have not been disclosed to the parties at this time but whom are listed as fictitious defendants within this *Complaint*.

18. Any and all negligence, gross negligence, actions and/or inactions complained of herein, which were committed by the Defendant's employees, are imputed directly to the Defendant.

### NEGLIGENCE AND MEDICAL MALPRACTICE CLAIM

19. Plaintiff reasserts and re-alleges each and every fact and allegation in Paragraphs 1 through 19, of this *Complaint* and incorporates them by reference, as if fully set forth herein.

20. The subject negligent acts and/or omissions of Chadwick and its staff and the resulting damages, as herein alleged, were directly and proximately caused by Defendant's negligent acts with no contributory negligence on behalf of Ms. Felechia Collins.

21. Any and all negligent acts and/or omissions committed by any and all employees of Chadwick are hereby imputed to Chadwick, as those employees were acting within the course and scope of his or her employment while employed by the facility. Therefore, Chadwick is responsible for any and all acts and/or omissions committed by its employees on August 28, 2018.

22. Defendant breached its duty of care on or about August 28, 2018, when its employee failed to appropriately monitor and secure Ms. Felechia Collins, among other negligent acts and inactions, which are further described in paragraphs 1 through 16 of this *Complaint*, and which will be further developed through discovery in this matter.

23. Defendant further failed to properly train, monitor, and instruct its employees, including the failure to train employees to properly follow any and all protocol or standards set forth within its policies and procedures for monitoring patients, working with bilateral amputees, and for

working with patients such as Ms. Felechia Collins. This failure resulted in the event which took place on August 28, 2018.

24. It was the duty of Defendant and Defendant's employees to provide a level of care to Ms. Felechia Collins in accordance with the generally accepted medical standards of care; however, Defendant and Defendant's employees failed to meet or practice the general standard of care. This departure from the standard of care, and hence, negligence, of the Defendant, proximately and directly caused Ms. Felechia Collins injuries, other damages, and wrongful death.

25. As a direct, immediate and proximate result of Defendant's negligence and gross negligence, Ms. Felechia Collins sustained certain injuries and damages, including punitive damages, to be proven at a trial of this matter.

26. As a direct, immediate and proximate result of Defendant's negligence and gross negligence, Plaintiffs Gloria Collins and Gregory Collins have individually sustained damages a as a result of Felechia Collins' wrongful death for which they seek recovery against Defendant.

### GROSS NEGLIGENCE

27. Plaintiff reasserts and re-alleges each and every fact and allegation in Paragraphs 1 through 26 of this *Compliant* and incorporates them by reference, as if fully set forth herein.

28. The actions of Defendant and its employees, as described herein, demonstrate a wanton and reckless disregard for the safety and life of Ms. Felechia Collins.

29. The actions of Defendant and its employees were so reckless as to warrant the award of punitive damages.

30. Defendant is liable for al negligent acts and omissions committed by its employees on August 28, 2018, as such acts were the direct, immediate and proximate result of Ms. Felechia Collins' injuries.

31. As a direct, immediate and proximate result of Defendant's negligence and gross negligence, Ms. Felechia Collins sustained certain injuries and damages, including punitive damages, to be proven at a trial of this matter.

32. As a direct, immediate and proximate result of Defendant's negligence and gross negligence, Plaintiffs Gloria Collins and Gregory Collins have individually sustained damages a as a result of Felechia Collins' wrongful death for which they seek recovery against Defendant.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff reasserts and re-alleges each and every fact and allegation in Paragraphs 1-32, of this *Complaint* and incorporates them by reference, as if fully set forth herein.

34. Based upon the actions of Defendant and Defendant's employees, as described and alleged herein, Ms. Felechia Collins suffered severe emotional distress.

35. Defendant is legally responsible for Ms. Felechia Collins' emotional distress and damages arising therefrom.

36. Defendant's negligence caused Ms. Felechia Collins to suffer physical harm with emotional distress, and the conduct exhibited by Defendant and Defendant's employees was a substantial factor in causing Ms. Felechia Collins' emotional distress, and it was expected, foreseeable, and predictable, that Defendant and Defendant's employees' conduct would cause Ms. Felechia Colins' emotional distress.

37. As a direct, immediate, and proximate result of Defendant's and Defendant's employees' negligence, as described herein, Ms. Felechia Collins sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, and mental anguish, along with other damages to be proven at a trial of this matter.

## INJURIES AND DAMAGES

38. Plaintiff hereby adopts and incorporates by reference all of the allegations stated herein.

39. Ms. Collins' injuries and damages were the direct and proximate result of the negligence on the part of all Defendants herein.

40. As a result of the injuries caused to Ms. Felechia Collins, the damages she sustained include, but are not limited to, the following:

   a. Costs of final medical expenses and funeral expenses;
   b. Loss of enjoyment of life of Felechia Collins;
   c. Conscious pain and suffering of Felechia Collins;
   d. Loss of society and companionship of Felechia Collins;
   e. The net cash value of the life of Felechia Collins;
   f. And other losses which shall be proven during the trial of this matter.

41. By reason of Felechia Collins' death, her heirs have been permanently deprived of the love, care, comfort, companionship, services, society, solace, affection, instruction, advice, training, guidance, protection, counsel, contributions, accumulations, inheritance and right of inheritance of Felechia Collins, and have suffered grief and sorrow, all to their damage in an amount within the jurisdiction of this Court, and according to proof.

42. By reason of Felechia Collins' death, Decedent's power to earn and accumulate money and property has been destroyed, and Felechia Collins' heirs have been permanently deprived of this support.

43. By reason of said incident, Plaintiffs have lost the use of and interest on the money owed to Plaintiff from the date of this incident to judgment as permitted by law on the lost support and on the pecuniary value of the loss of love, care, comfort, companionship, services and society.

44. For the wrongful death of Felechia Collins, and as a direct and proximate result of the negligent and intentional acts of the Defendants, Plaintiffs are entitled to recover the following:

   a. Actual damages for the pain and suffering and mental anguish endured and suffered by Felechia Collins prior to her death;

   b. Actual damages for the loss of companionship, society, love and affection, training and guidance between Felechia Collins and her survivors due to her untimely death;

   c. The present net cash value of the life expectancy of Felechia Collins;

   d. Exemplary and/or punitive damages;

   e. Loss of the enjoyment of the life of Felechia Collins;

   f. All damages of every kind of the Felechia Collins, decedent, as mandated and allowable under Section 11-7-13, of the Mississippi Code Annotated, as supplemented and amended.

   g. All damages of every kind of the Felechia Collins, decedent, as mandated and allowable under Section 91-7-233, of the Mississippi Code Annotated, as supplemented and amended.

45. As a direct, immediate, and proximate result of Defendant's actions, Plaintiffs have sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, and mental anguish, along with other damages to be proven at a trial of this matter.

## PUNITIVE OR EXEMPLARY DAMAGES

46. Plaintiff hereby adopts and incorporates by reference all of the allegations stated herein.

47. The actions of the Defendants as herein alleged demonstrated actual malice, as well as gross negligence, which evidenced a willful, wanton or reckless disregard for the safety of others, including Ms. Felechia Collins.

48. As a direct, immediate, and proximate result of Defendant's actions, Plaintiffs have sustained damages of a personal and pecuniary nature, including physical, mental and emotional injury and pain, and mental anguish, along with other damages to be proven at a trial of this matter.

## ESTATE DAMAGES

49. Plaintiff hereby adopts and incorporates by reference all of the allegations stated herein.

50. As a direct and proximate result of the negligence of the Defendants, Plaintiffs are entitled to recover from said Defendants, any and all assets which the Estate of Felechia Collins, Deceased, is entitled to recover, including, but not limited to:

   a. Any and all funeral expenses;

   b. Cost of the Administration of the Estate;

   c. Any and all other damages recoverable by Plaintiffs as assets of the Estate of Felechia Collins.

## FICTITIOUS PARTIES

51. Plaintiffs adopt each material averment of this *Complaint* as if fully set out herein.

52. Plaintiffs further aver that the negligence and omissions of the Fictitious Defendants, identified as "John Does 1-10" and "Jane Does 1-10," combined and convened with the rest of the named Defendants to proximately cause the Plaintiffs' injuries and damages, as herein listed. Defendants "John Does 1-10" and "Jane Does 1-10," whose current names and identities are unknown to the Plaintiffs will be correctly named and identified when they are ascertained.

53. Plaintiffs further aver that the negligence and omissions of the Fictitious Defendants, identified as "ABC Corporations 1-10," combined and convened with the rest of the named Defendants to proximately cause the Plaintiffs' injuries and damages, as herein listed. Defendants

"ABC Corporations 1-10," whose current names and identities are unknown to the Plaintiffs will be correctly named and identified when they are ascertained.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Linda White, Administratrix of the Estate of Felechia Collins and on behalf of the heirs at law and wrongful death beneficiaries of Felechia Collins, Plaintiff Gloria Collins, Individually and on behalf of the Estate of Felechia Collins and the heirs at law and wrongful death beneficiaries of Felechia Collins, and Plaintiff Gregory Collins, Individually and on behalf of the Estate of Felechia Collins and the heirs at law and wrongful death beneficiaries of Felechia Collins, pray for a judgment of, from and against the Defendants herein, in an amount to be determined by a jury or Court that fully and fairly compensates Ms. Felechia Collins, and her Estate, including all costs incurred and any prejudgment or post-judgment interest, and punitive damages. Plaintiffs further pray for any other general relief that they may be entitled.

**LINDA WHITE, ADMINISTRATRIX; and
GLORIA COLLINS; and
GREGORY COLLINS**

_____
Megan E. Timbs (MSB# 105331)

Derek L. Hall (MSB# 10194)
Megan E. Timbs (MSB# 105331)
DEREK L. HALL, PC
1911 Dunbarton Drive
Jackson, MS 39216
Tel.: (601) 202-2222
Fax: (601) 981-4717
Email: derek@dlhattorneys.com
Email: megan@dlhattorneys.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF COUNSEL

This Certificate of Counsel is being filed pursuant to Miss. Code Ann. 11-1-58(1)(a).

My name is Megan E. Timbs;

I am licensed to practice law in the State of Mississippi;

I represent the Plaintiff regarding the claims alleged in the accompanying *Complaint*;

I have reviewed the facts of the case and have consulted with experts qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who I reasonable believe are knowledgeable in the relevant issues involved in this action, and that I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

I further certify that a Notice of Intent to File Medical Malpractice Lawsuit was served upon Defendant Chadwick Nursing and Rehabilitation Center, LLC, on August 18, 2020, pursuant to Section 15-1-36(15) of the Mississippi Code Annotated, as amended.

SO CERTIFIED this the 19th day of October 2020.

_____
Megan E. Timbs (MSB# 105331)